**David ZINK, et al.**

**William L. Rousan, Appellant.**

Earl Ringo, Jr., et al.

v.

George A. LOMBARDI,
et al., Appellees.

No. 14–1919.

United States Court of Appeals,
Eighth Circuit.

April 22, 2014.

Eric W. Butts, Saint Louis, MO, for appellant William L. Rousan.

Michael J. Spillane, Asst. Atty. Gen., Jefferson City, MO (Chris Koster, Atty. Gen., on the brief), for appellees.

## ORDER

The petition for rehearing en banc is denied. The petition for rehearing by the panel is also denied. Judge Murphy, Judge Bye and Judge Kelly would grant the petition for rehearing en banc.

Judge Benton did not participate in the consideration or decision of this matter.

BYE, Circuit Judge, dissenting, with whom MURPHY and KELLY, Circuit Judges, join.

I would grant the petition for rehearing en banc to grant the motion for stay of Rousan's execution. Rousan has raised viable constitutional claims, and I would grant him the relief he seeks for the reasons I have previously stated in my recent dissenting opinions in *Nicklasson v. Lombardi*, No. 13–3664, *In re Lombardi*, 741 F.3d 888 (8th Cir.2014) (Bye, J. dissenting), *Smulls v. Lombardi*, No. 14–1193, and *Taylor v. Lombardi*, No. 14–1388. I write again to briefly address issues which have arisen since then.

First, Missouri continues to frustrate the efforts of inmates such as Rousan to investigate the method of execution the State plans to use to end their lives. Missouri shields these shadow pharmacies—and itself—behind the hangman's cloak by refusing to disclose pertinent information to the inmates. This Court is largely left to speculate as to the source and quality of the compounded pentobarbital—or whatever chemical cocktail *du jour* Missouri elects to serve this time around. So long as Missouri insists on carrying out executions, it is fundamentally important the State is sufficiently transparent about its protocol to allow adequate review of the constitutionality of its chosen method.

Second, I note the recent rise of questions regarding drug efficacy and secrecy in other States outside our Circuit, including Georgia, Ohio, Oklahoma, Louisiana, and Texas. Missouri is not exempt from these concerns. Rousan has raised serious issues as to Missouri's current execution method, and, based on Missouri's representations, the potential for irreparable mistakes will only grow as the number of drug compounders electing to supply chemicals used in executions continues to shrink. With so much at stake, federal courts must diligently work to ensure States such as Missouri employ constitutional methods.

Finally, I remain convinced this Court erred in reading Chief Justice Roberts' plurality opinion in *Baze v. Rees*, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008), to require inmates to propose an alternative method for their own executions. In *Jones v. Bock*, 549 U.S. 199, 213, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), a unanimous decision one year before the *Baze* decision, Chief Justice Roberts noted "just last Term, in *Hill v. McDonough*, 547 U.S. 573, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006), we unanimously rejected a proposal that

§ 1983 suits challenging a method of execution must identify an acceptable alternative." Nothing in *Baze* suggests the Court sought to overrule Hill, and, thus, a grant of the petition for rehearing en banc is necessary to correct this Court's erroneous conclusion in *In re Lombardi*.

I note, as other commentators have, the unconscionable ethical dilemma such a standard forces upon defense attorneys. If an attorney is required to plead an acceptable alternative method of execution for his or her client, he or she is forced to abandon his or her duty to zealously represent the client and implicitly concede the constitutionality of another form of execution. Trust is vital to an effective attorney-client relationship, but that trust is threatened by this Court's misapplication of *Baze*. It is intolerable to force an attorney to cross this ethical line, and this Court should take immediate steps to remedy this wrong.

For the foregoing reasons, I respectfully dissent.